COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


WILLIAM E. WEBSTER

v.   Record No. 0452-97-1               MEMORANDUM OPINION[*]
                                           PER CURIAM
E.V. WILLIAMS COMPANY, INC.             JULY 1, 1997
AND
LIBERTY INSURANCE CORPORATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
            (William E. Webster, pro se, on brief).

            No brief for appellees.


     William E. Webster (claimant) contends that the Workers'

Compensation Commission (commission) erred in suspending his

compensation benefits on the ground that he unjustifiably refused

selective employment offered to him by E.V. Williams Company,

Inc. (employer).  Upon reviewing the record and opening brief, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Findings of fact made by the commission will be upheld on appeal

if supported by credible evidence.  See James v. Capitol Steel

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

     The following facts were not in dispute.  On March 25, 1996,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Dr. Richard K. Neal, claimant's treating physician, released claimant to light-duty work with specific restrictions. By letter dated March 27, 1996, employer offered claimant a light-duty job within those restrictions and directed him to report to work on April 3, 1996. On April 3, 1996, claimant telephoned employer and stated that he was in pain and unable to report for work that day. Claimant did not contact employer thereafter.

In granting employer's application, the commission made the following findings:

> The claimant contends that his former attorney obtained agreement from the employer that he would be excused from reporting for work on April 3, 1996, because of his complaints. However, prior counsel was not called as a witness. In addition, the claimant was not privy to the conversation between counsel and the employer. There is no evidence that such an agreement existed, other than his testimony, which we find not persuasive. Apparently, there was some discussion of the claimant obtaining an independent evaluation and the submission of a medical report based on that evaluation. The record contains medical reports from Dr. Peter M. Klara, spine surgeon, dated April 12, 1996, and Dr. M.R. Ross Bullock, neurosurgeon, dated May 1, 1996. However, those reports are inconclusive and do not rebut Dr. Neal's findings, nor his specific approval on April 17, 1996, of the job which was previously offered the claimant.

Dr. Neal's medical records and opinions provide credible evidence to support the commission's decision. As fact finder, the commission was entitled to give little probative weight to the inconclusive reports of Drs. Klara and Bullock. Claimant

contended that he could not perform the job offered to him by employer. However, claimant never attempted to perform the job nor did he provide credible medical evidence to support his subjective belief that he could not perform the duties of the light-duty job offered to him by employer.

Based upon this record, we cannot find that the commission erred in granting employer's application and suspending claimant's benefits. Accordingly, we affirm the commission's decision.

Affirmed.